# 2000 DTA 138

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ARTURO MORALES RODRIGUEZ
Peticionario

Núm. KLCE-2000-00175

San Juan, Puerto Rico, a 13 de junio de 2000

Panel integrado por su Presidente, el Juez Miranda de Hostos
y los Jueces Rivera Pérez y Rodríguez García

Rodríguez García, Juez Ponente

RECEIVED
DEC 1 4 2000
SERIALS DEPT
HARVARD LAW SCHOOL LIBRARY

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el presente recurso, se solicita de esta Curia la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, en 24 de enero de 2000, notificada a las partes en 26 de enero de 2000. En la misma, el tribunal recurrido declaró sin lugar la *"Moción por la Regla 64 (p) de las de Procedimiento Criminal Vigentes en Puerto Rico"*, presentada por Arturo Morales Rodríguez, por conducto de su representación legal. Inconforme con el anterior dictamen, Arturo Morales Rodríguez acude ante nos con un recurso de *certiorari*. Resolvemos, por los fundamentos que se exponen a continuación, denegar el auto solicitado.

### I

Contra Arturo Morales Rodríguez se presentaron cargos por alegadamente infringir los Artículos 3.2 y 3.3 de la Ley Para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. §632 y 633, por hechos ocurridos en el Municipio de Juana Díaz, el día 9 de mayo de 1999, aproximadamente a las 6:30 de la tarde. En las denuncias presentadas, se acusó a Morales Rodríguez de que en *"forma ilegal, voluntaria, maliciosa y criminalmente"* empleó fuerza física, maltrató con palabras y amenazó con causarle daño a la señora Lina Núñez Camacho en presencia de un menor de edad. ■

Celebrada la vista preliminar, se determinó causa probable para acusar en contra de Morales Rodríguez solamente por el delito de maltrato físico. Artículo 3.2 de la Ley Para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. §632. ■ Sin embargo, por equivocación se le formuló acusación en contra de Maldonado Rodríguez por el delito de empleo de violencia psicológica. ■ La acusación leía de la siguiente forma:

*"El referido acusado, Arturo Morales Feliciano [sic], en o para el 9 de mayo de 1999, y en Yauco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Ponce, ilegal, voluntaria, maliciosa, y a sabiendas y con la intención criminal, empleó violencia psicológica en la persona de Lina Núñez Camacho, con quien está casado, consistente dicho maltrato en que el aquí acusado le manifestó que era una puta, cometiéndose dicho acto en presencia de un menor de edad"*.

En 12 de agosto de 1999, la defensa presentó *"Moción por la Regla 64(p) de las de Procedimiento Criminal Vigentes en Puerto Rico"*, alegando que la determinación de causa probable en contra de Martínez Rodríguez por el delito de empleo de violencia psicológica y física no se realizó conforme a derecho. La defensa adujo en su moción que la prueba presentada en la vista preliminar no configuró el elemento de dicho delito que es el patrón de conducta constante de empleo de violencia psicológica y física. ■

En 11 de octubre de 1999, el Ministerio Público presentó *"Moción Para Enmendar Acusación"* en la cual informó al Tribunal de Primera Instancia que por equivocación se presentó una acusación por violencia psicológica en vez de por violencia física. Acompañó la moción con una acusación enmendada y solicitó al Tribunal que ordene la celebración de un nuevo acto de lectura. ■ La acusación enmendada lee como sigue:

*"El referido acusado, Arturo Morales Rodríguez, en o para el 9 de mayo de 1999, y en Yauco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Ponce, ilegal, voluntaria maliciosa, y a sabiendas y con la intención criminal, empleó fuerza física para causarle daño corporal a la señora Lina Núñez Camacho, con quien está casado, agrediéndola en distintas partes del cuerpo, cometiendo dicho acto en presencia de un menor de edad."*

En 22 de octubre de 1999, el Ministerio Público presentó su *"Moción en Oposición a Moción por la Regla 64(P) de las de Procedimiento Criminal Vigentes en Puerto Rico"*, solicitando que se declarase sin lugar la moción presentada por la defensa. El Ministerio Público alegó que no procede la moción de la defensa porque el delito de violencia física no requiere que se pruebe la existencia de un patrón de conducta constante. ■

En 24 de enero de 2000, notificada a las partes en 26 de enero de 2000, el Tribunal de Primera Instancia emitió resolución en la cual declaró sin lugar la moción al amparo de la Regla 64 (p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64 (p). El foro recurrido concluyó que el Artículo 3.2 de la Ley Para la Prevención e Intervención con la Violencia Doméstica, *supra*, sobre maltrato físico, no establece como elemento del delito, el patrón de conducta constante de fuerza física. ■

Inconforme con el dictamen, la defensa presentó ante nos, un recurso de *certiorari* alegando que:

*"Cometió error el Honorable Tribunal de Instancia como cuestión de Derecho al concluir que en el contexto de los hechos del presente caso, el delito que se le imputa al acusado no requiere como elemento un patrón de conducta constante de empleo de fuerza física y, por lo tanto, la determinación de causa probable fue una conforme a Derecho."*

## II

La Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23, ordena la celebración de una vista preliminar en todo caso en que se acusare a una persona de cometer un delito grave. *"La función básica de esta vista está limitada a la determinación de existencia o no de causa probable para creer que se ha cometido un delito y que el mismo ha sido cometido por el acusado."* Pueblo v. Andaluz Méndez, ___ D.P.R. ___ (1997), **97 J.T.S. 107**, Op. de 30 de junio de 1997, a la pág. 1293. El propósito de la celebración de esta vista es *"evitar que se someta a un ciudadano arbitraria e injustificadamente a los rigores de un proceso criminal"*. Pueblo v. Andaluz Méndez, supra; Pueblo v. Vallone, ___ D.P.R. ___ (1993), **93 J.T.S. 79**, Op. de 24 de mayo de 1993, a la pág. 10730. Esto, teniendo en cuenta que en la vista preliminar no se determina la culpabilidad o inocencia del imputado, porque esta vista no es un *"mini-juicio"*. Pueblo v. Andaluz Méndez, supra, págs. 1293-1294. Dicha determinación se hace en el juicio en sus méritos. Del Toro v. E.L.A., ___ D.P.R. ___ (1994), **94 J.T.S. 119**, Op. del 12 de septiembre de 1994, a la pág. 161. El propósito principal de la celebración de una vista preliminar es determinar si el Estado *"tiene adecuada justificación para continuar con un proceso judicial"* en contra del imputado de delito. Pueblo v. Rivera Rodríguez, ___ D.P.R. ___ (1995), **95 J.T.S. 36**, Op. de 31 de marzo de 1995, a la pág. 746.

En *Pueblo v. Andaluz Méndez, supra*, el Tribunal Supremo explicó que:

*"... el Ministerio Público debe presentar evidencia, legalmente admisible en un juicio plenario, sobre todos los elementos del delito imputado en la denuncia y su conexión con el imputado. [Citas omitidas]. La determinación de causa probable, una vez se cumple con la presentación de tal evidencia, goza de la presunción legal de corrección."*

El *"quántum"* de prueba requerida en la vista preliminar es una mera *"scintilla"*, o un mínimo de evidencia, para establecer que se cometió un delito y que probablemente el imputado fue quien lo cometió. *Del Toro v. E. L.A., supra.* No es necesario que el fiscal presente toda la evidencia que posee. *Pueblo v. Rivera Alicea*, 125 D.P.R. 37, 42 (1989).

Si el imputado entiende que el Ministerio Público no ha presentado el mínimo de evidencia necesaria para establecer que se cometió un delito y que probablemente él fue quien lo cometió, entonces, la Regla 64 (p) de Procedimiento Criminal, *supra*, dispone para la presentación de una moción de desestimación de la acusación. Es necesario que la determinación de causa probable realizada por el magistrado no haya sido con arreglo a la ley y a derecho.

Cuando el imputado entienda que el Ministerio Público no ha cumplido con su deber, el imputado puede atacar la determinación de causa probable y rebatir la presunción de corrección para la cual está disponible la moción de desestimación al amparo de la Regla 64 (p); ello cuando existe ausencia total de evidencia legalmente admisible en cuanto a alguno de los elementos del delito o de la conexión del acusado con el delito

imputado. [Citas omitidas]. *Pueblo v. Andaluz Méndez, supra.*

En *Pueblo v. Rivera Alicea, supra,* págs. 42-43, el Tribunal Supremo resolvió que:

*"El análisis adecuado para resolver una moción de desestimación, al amparo de dicha regla, requiere examinar la prueba de cargo y defensa vertida en la vista preliminar y la producida en la vista de desestimación. A la luz de los elementos del delito imputado, el juzgador debe determinar si tal prueba establece la probabilidad de que estén presentes todos los elementos; a saber, la probabilidad que se haya cometido tal delito imputado. Comitante a dicho examen, debe determinar si hay prueba que probablemente conecte al imputado con el delito probablemente cometido."*

El hecho de que a juicio del magistrado, la prueba sometida demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar fundamento a la desestimación. Sólo en ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito, procede decretar la desestimación de la acusación presentada contra el solicitante.

El tribunal debe celebrar una vista y recibir prueba para adjudicar la moción de desestimación, a menos que de la propia faz de la moción y del expediente surja que el peticionario no tiene la razón. En ese caso, el tribunal puede declarar sin lugar la moción de desestimación sin celebrar vista. III, Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* págs. 224-225.

En el presente caso, se encontró causa probable para acusar a Maldonado Rodríguez de la comisión del delito de maltrato físico. El Artículo 3.1 de la Ley Para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. §631, dispone que comete el delito de maltrato:

*"Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, para causarle daño físico a su persona, a los bienes apreciados por ésta, excepto aquellos que pertenecen privativamente al ofensor, o a la persona de otro o para causarle grave daño emocional, será sancionada con pena de reclusión por un término fijo de doce (12) meses, excepto que de mediar circunstancias atenuantes, se podrá reducir a un término no menor de nueve (9) meses, y de mediar circunstancias agravantes, podrá aumentarse hasta dieciocho (18) meses.*

*El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida."*

A su vez, el Artículo 3.2 de la Ley Para la Prevención e Intervención con la Violencia Doméstica, *supra,* establece que se comete el delito de maltrato agravado si se cumple con una o más de las circunstancias que enumera dicho artículo:

*"Se impondrá pena de reclusión por un término fijo de tres (3) años cuando en la persona del cónyuge, ex cónyuge o de la persona con quien se cohabita o se haya cohabitado, o con quien se sostiene o haya sostenido una relación consensual, o con quien se haya procreado un hijo o hija, si se incurriere en maltrato según tipificado en este Capítulo, mediante una o más de las circunstancias siguientes:*

*(a) Se penetrare en la morada de la persona o en el lugar donde esté albergada y se cometiere allí maltrato; en el caso de cónyuges o cohabitantes, cuando éstos estuvieren separados o mediare una orden de protección ordenando el desalojo de la residencia a una de las partes; o*

*(b) cuando se infligiere grave daño corporal a la persona; o*

*(c) cuando se cometiere con arma mortífera en circunstancias que no revistiesen la intención de matar o mutilar; o*

*(d) cuando se cometiere en la presencia de menores de edad; o*

*(e) cuando se cometiere, luego de mediar una orden de protección o resolución, contra la persona acusada expedida en auxilio de la víctima del maltrato; o*

*(f) se indujere, incitare u obligare a la persona a drogarse con sustancias controladas, o cualquier otra sustancia o medio que altere la voluntad de la persona o a intoxicarse con bebidas embriagantes; o*

*(g) cuando se cometiere y simultáneamente se incurriere en maltrato de un menor; o*

*(h) cuando se cometiere contra una mujer embarazada.*

*De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años.*

*El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida."*

En la vista preliminar, la señora Lina Núñez Camacho declaró que Maldonado Rodríguez la empujó por el pecho en varias ocasiones durante una discusión que sostuvieron delante del hijo menor de edad de ambos. Dicha prueba presentada en la vista preliminar establece que probablemente la señora Núñez Camacho fue maltratada físicamente por Maldonado Rodríguez, mientras discutían. El foro de instancia, al determinar causa probable en contra de Maldonado Rodríguez, no estaba ante una situación de ausencia total de prueba. La alegación de la defensa para sustentar su moción bajo la Regla 64(p) de Procedimiento Criminal, *supra*, no procede debido a que en ninguno de los artículos mencionados se señala que la fuerza física debe constituir un patrón de conducta constante como un elemento del delito de maltrato o de maltrato agravado.

La defensa aduce en su escrito que como el Artículo 1.3(k) de la Ley Para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. §602(k), define el término *"violencia doméstica"* como *"un patrón de conducta constante de empleo de fuerza física o violencia psicológica, intimidación o persecución contra una persona ..."*, dicho patrón de conducta es un elemento del delito de maltrato y maltrato agravado. No le asiste la razón a la defensa. Los Artículos 3.1 y 3.2 de la Ley Para la Prevención e Intervención con la Violencia Doméstica, *supra*, son claros en cuanto a cuáles son los elementos que constituyen los delitos de maltrato y maltrato agravado. Entre ellos, no se encuentra el elemento de patrón de conducta para incurrir en dichos delitos. Cuando la ley es clara, no acepta interpretación alguna que no sea la de su sentido literal. *Pueblo v. Martínez Yanzanis*, ___ D.P.R. ___ (1997), **97 J.T.S. 43,** Op. del 8 de abril de 1997, a la pág. 844. *"Los tribunales no tenemos la facultad de menospreciar la letra de una disposición de ley, cuando ésta es clara, bajo el pretexto de cumplir con su espíritu." Pueblo v. Martínez Yanzanis, supra.*

Por los fundamentos anteriormente expuestos, se deniega el auto solicitado.

Notifíquese por la vía ordinaria.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General